**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARSHABAHEN P. KHATRI; et al., | No. 08-74391 |
| Petitioners, | Agency Nos.     A097-608-426 |
| | A097-608-427 |
| v. | A097-608-428 |
| | A097-608-429 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012**

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Varshabahen P. Khatri and her family, natives and citizens of India, petition

for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We grant the petition for review, and we remand.

The BIA, while acknowledging that the IJ did not make an adverse credibility finding, nonetheless faulted Khatri for not corroborating her testimony. Substantial evidence does not support this finding. *See Kataria v. INS*, 232 F.3d 1107, 1114 (9th Cir. 2000) (where the BIA did not make an explicit adverse credibility finding, the petitioner's factual contentions are true, and no further corroboration is required).

In addition, the BIA found that, even if Khatri demonstrated past persecution, the government demonstrated that Khatri and her family could reasonably relocate within India to avoid future harm because she is Hindu and the riots are over. Substantial evidence does not support this finding because the BIA did not adequately address Khatri's fear that members of the Bharatiya Janata Party and the police will be able to find her and harm her throughout India. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003) (the regulations direct adjudicators to consider "whether the applicant would face other serious harm in the place of suggested relocation").

Accordingly, we grant Khatri's petition for review as to her asylum,

withholding of removal, and CAT claims, and we remand for further proceedings

consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002)

(per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**